# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION

BARBARA A. SAMUELS, )
)
    Plaintiff, )
)
v. )        No. 3:25-CV-05053-DGK-SSA
)
FRANK BISIGNANO, )
Commissioner of Social Security, )
)
    Defendant. )

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Barbara A. Samuel's applications for disability insurance benefits ("DIBs") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and for supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381–1385. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including fibromyalgia, cervical degenerative changes, lumbar degenerative changes, chronic kidney disease, atrophic left kidney, migraines, major depressive disorder, and generalized anxiety disorder. But the ALJ found that she retained the residual functional capacity ("RFC") to perform light work with certain restrictions, including work as a marker, routing clerk, and collator operator.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for DIBs and SSI on February 6, 2023, alleging a disability onset date of October 10, 2021. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed to an ALJ. After holding a hearing, the ALJ found Plaintiff was not disabled. The Appeals Council denied Plaintiff's review request on April 25, 2025, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

### Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

2

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff challenges the ALJ's assessment at Step Four. Plaintiff argues that the ALJ erroneously discounted her allegations of disabling limitations from her cervical spine impairment and migraines. Defendant counters that the ALJ properly assessed her credibility by finding that her claims of disabling limitations were contradicted by medical evidence.

Defendant is correct. The ALJ wrote a thorough and well-supported sixteen-and-a-half-page, single-spaced opinion in which he carefully analyzed the pertinent medical evidence related to her various impairments as well as the opinion evidence regarding the limitations those impairments imposed. On the cervical spine and migraines, the ALJ cited Plaintiff's allegations of disabling limitations, but he ultimately found that the objective medical evidence did not support her allegations. Inconsistencies with objective medical evidence is a valid basis upon which an ALJ may discount a claimant's credibility. *See Grindley v. Kijakazi*, 9 F.4th 622, 631 (8th Cir. 2021); *Swink v. Saul*, 931 F.3d 765, 771 (8th Cir. 2019); *Bernard v. Colvin*, 774 F.3d 482, 488–89 (8th Cir. 2014).

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes [her] past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that she is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

Substantial evidence supports those findings.  On her cervical spine impairment, the ALJ found that although Plaintiff's MRIs showed structural problems, she eventually underwent discectomy and fusion for that impairment.  Following that surgery, Plaintiff reported she was doing well and the doctor's examination reported normal findings.  R. at 28, 1250–53.  As for the migraines, Plaintiff reported improvement following infusion therapy.  R. at 28; *see also Hensley v. Colvin*, 829 F.3d 926, 934 (8th Cir. 2016).  For example, her treatment notes showed that she experienced good pain relief from her injections, R. at 1070, 1232, and those same treatment notes did not show that her migraines were disabling in either frequency or intensity, *see id.*

Plaintiff largely sidesteps this evidence and argues that the ALJ erred by failing to acknowledge other evidence that suggests she was more limited.  But this argument ignores the law.  The ALJ is not required to discuss "every conflicting shred of medical evidence" in his decision.  *Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022) (internal quotation marks omitted).  More fundamentally, Plaintiff's entire argument on this front invites the Court to do what it cannot: reweigh the evidence.  *See Dols v. Saul*, 931 F.3d 741, 746 (8th Cir. 2019).  And although Plaintiff disagrees with the ALJ's weighing of the evidence, the ALJ's decision was within the zone of choice.  *See Buckner*, 646 F.3d at 556.

### Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   July 7, 2026                                  /s/ Greg Kays
                                                                 GREG KAYS, JUDGE
                                                                 UNITED STATES DISTRICT COURT

4